UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| LANCE PERKINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:17-cv-03507-JMS-DLP |
| DAVID JORDAN, DAN GORDON, | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT AND ORDER TO SHOW CAUSE**

This matter is before the Court on Defendant Dan Gordon's motion for summary judgment. For the reasons set forth below, the motion must be granted, and all claims against Mr. Gordon must be dismissed.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder

could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

Plaintiff Lance Perkins failed to respond to Mr. Gordon's summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). *See also* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the summary

judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Facts

Mr. Gordon has supported the following factual assertions with admissible evidence, and Mr. Perkins has not rebutted them. Therefore, they are undisputed for purposes of the motion for summary judgment. However, the Court views these undisputed facts in the light most favorable to Mr. Perkins as the non-moving party and draws all reasonable inferences in his favor. *See Skiba*, 884 F.3d at 717.

Mr. Perkins was arrested on February 11, 2013. At the time, Mr. Perkins had $6,530 in U.S. currency on his person. Law enforcement officers seized that money. After his arrest, Mr. Perkins was detained at the Wayne County Jail and released on bond on February 12, 2013. Mr. Perkins did not return to the Jail until April 27, 2013, when he was arrested for failing to appear.

On the same day, law enforcement officers executed a search warrant at a residence shared by Timothy Price and Ashley Brooke Osborne. Officers found $2,820 in U.S. currency and seized it for purposes of forfeiture. No evidence indicated that Mr. Perkins lived at the Price-Osborne residence or that he was otherwise connected to the $2,820 found there.

The U.S. Drug Enforcement Agency (DEA) initiated administrative forfeiture proceedings for both the $6,530 seized from Mr. Perkins and the $2,820 seized from the Price-Osborne residence. On March 8, 2013, the DEA sent written Notices of Seizure concerning the $6,530 to Mr. Perkins at three addresses, all by certified mail. Two of these addresses were taken from court documents generated following Mr. Perkins's arrest. A DEA investigation identified the third

address as Mr. Perkins's residence. The Postal Service returned each notice, indicating that Mr. Perkins did not reside at the address and that it did not have a forwarding address for him.

On March 8, 2013, the DEA also sent a Notice of Seizure to Mr. Perkins by certified mail at the address of attorney David Jordan, who represented Mr. Perkins in the criminal action that was then pending. This notice was delivered and accepted.

In addition to sending Mr. Perkins written Notices of Seizure, the DEA posted notice online from March 25 through April 23, 2013, at www. forfeiture.gov.

With respect to the $2,820 seized from the Price-Osborne residence, the DEA again posted notice online and sent written Notices of Seizure to addresses associated with Mr. Price and Ms. Osborne. The DEA did not attempt to send written notice of this forfeiture proceeding to Mr. Perkins because no evidence indicated that he lived at the residence from which the $2,820 was seized or that he was otherwise connected to that currency.

After receiving no claims for either sum, the DEA completed its forfeiture of the $6,530 seized from Mr. Perkins on June 10, 2013, and of the $2,820 seized from the Price-Osborne residence on July 15, 2013. To date, Mr. Perkins has not presented an administrative tort claim to the DEA related to either forfeiture.

### III. Discussion

Mr. Perkins's amended complaint does not explicitly set forth the nature of his claims against Mr. Gordon. However, it cites the Indiana Tort (ITCA) Claims Act, Ind. Code § 34-13-3, as a basis for relief. Dkt. 4 at 1. It also states that "Defendant Gordon failed to notify plaintiff his money was being [given] to a third party. No defendant notified plaintiff his money was being

4

taken. No service was ever perfected." *Id.* at 2. Finally, the amended complaint alleges that "Gordon was without authority to give away plaintiff's money without his knowledge and consent." *Id.* at 3. Mr. Perkins seeks compensation for forfeiture of both the $6,530 seized during his arrest and the $2,820 seized from the Price-Osborne residence.

"[T]he pleading standards for pro se plaintiffs are considerably relaxed." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). This means that complaints drafted by pro se litigants are construed liberally and held to a less stringent standard than those drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). In his motion for summary judgment, Mr. Gordon has analyzed the amended complaint under three potential causes of action. Mr. Perkins had an opportunity to respond to the motion for summary judgment and characterize his claims differently, but he did not do so.

As such, the Court finds that the amended complaint could be liberally construed as asserting claims under the three causes of action discussed below. And, for the reasons that follow, the Court finds summary judgment appropriate in all three cases.

**A.    Federal Tort Claims Act**

Mr. Gordon has considered the possibility that Mr. Perkins intended to seek relief against the United States under the *Federal* Tort Claims Act (FTCA) instead of through the ITCA. The FTCA is a limited waiver of the United States' sovereign immunity and provides a remedy for losses of property caused by the negligent acts of federal government employees acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). The FTCA allows the United States to be liable for negligent acts to the same extent a private individual would be liable under the law of

the state in which the negligent act occurred. 28 U.S.C. § 2674. Because Mr. Gordon is the only government actor named as a defendant in the amended complaint, and because he is identified as an agent of the federal government and not the State of Indiana or any of its agencies, the FTCA would be a more logical vehicle than the ITCA for a claim arising from Mr. Gordon's actions.

However, the FTCA requires an aggrieved party to pursue an administrative claim with the offending agency before filing suit in federal court. *See* 28 U.S.C. §§ 2672, 2675. It is undisputed that Mr. Perkins has not presented an administrative claim to the DEA. Accordingly, to the extent the amended complaint asserts an FTCA claim, Mr. Gordon is entitled to judgment as a matter of law. *See, e.g.*, *Houston v. United States*, 638 Fed. App'x 508, 512 (7th Cir. 2016) (nonprecedential) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786–788 (7th Cir. 2014)) ("Because Houston does not dispute his failure to exhaust, the district court correctly dismissed the claims against the government.").

**B.** *Bivens*

Mr. Gordon correctly notes that the FTCA provides a cause of action only against the United States government—not against the individual employee whose actions gave rise to the claim. *See* 28 U.S.C. § 2679(b)(1). The vehicle for tort claims against individual federal employees is the cause of action recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). However, the Supreme Court has recently recognized that the *Bivens* doctrine has been applied only to permit

6

suits against individuals for violating a limited range of constitutional rights. *See Ziglar v. Abassi*, 137 S. Ct. 1843, 1854–1855 (2017). The Court has also warned against applying *Bivens* to infer a cause of action where a federal statute provides an alternative remedy that would protect the plaintiff's interest. *See id.* at 1858.

The essence of Mr. Perkins's claim is that Mr. Gordon failed to provide proper notice of the DEA's intent to forfeit his seized currency and that Mr. Perkins lost that money as a result. Congress created a statutory vehicle for such claims in the form of 18 U.S.C. § 983(e), which specifically allows a person with an interest in forfeited property to move to set aside the forfeiture based on insufficient notice of the forfeiture proceeding. Accordingly, Mr. Perkins's suit may not proceed against Mr. Gordon as a *Bivens* claim.

**C.     18 U.S.C. § 983(e)**

Finally, Mr. Parker's amended complaint could be construed as an action to set aside the DEA's forfeiture of the two sums of currency through 18 U.S.C. § 983(e). In order for a forfeiture to be set aside, the government must have failed to take reasonable steps to provide the movant with notice of the forfeiture even though it knew (or should have known) that the movant had an interest in the property. 18 U.S.C. § 983(e)(1). "Absent exceptional circumstances, written notice of forfeiture by certified mail to the claimant's residence satisfies due process, even if the claimant does not receive actual notice." *Lobzun v. United States*, 422 F.3d 503, 507 (7th Cir. 2005).

Additionally, a forfeiture may only be set aside if "the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(2). This Court has previously reasoned that a movant who was present during the seizure of the

7

forfeited property knew or had reason to know of the seizure for purposes of § 983(e)(2). *See Johnson v. United States*, No. 1:03-cv-00281-LJM, 2004 WL 2538649, at *4 (Oct. 22, 2004).

Neither forfeiture contested here may be set aside. As to the $6,530, the undisputed facts show that the DEA took reasonable steps to provide Mr. Parker with notice of the impending forfeiture. In addition to sending written notice by certified mail to an address identified as Mr. Parker's residence, the DEA sent written notice by certified mail to two other addresses Mr. Parker provided to the Wayne County courts in his criminal proceeding. As a failsafe, the DEA also sent written notice by certified mail to the attorney who represented Mr. Parker in that criminal proceeding, and that notice was delivered and accepted.

The undisputed evidence also shows that Mr. Parker was present when the $6,530 was seized. Additionally, Mr. Parker was released from jail the day after the seizure and remained free for nearly two months after the DEA began its forfeiture proceeding. As such, the Court finds that Mr. Parker knew or had reason to know of the seizure in time to present a claim to the DEA.

As to the $2,820, the DEA had no reason to believe that Mr. Parker had an interest in that money. The undisputed facts show that no evidence indicated that Mr. Parker resided at the house where the currency was found or otherwise suggested that he may be connected to the currency.

In sum, based on the undisputed facts, any § 983 claim asserted in the amended complaint fails as a matter of law.

### IV. Continued Jurisdiction over Claims Against Defendant Jordan

Mr. Perkins originally sought to litigate these claims in the Miami Circuit Court. Mr. Gordon, being sued based on his actions as a federal agent, removed the action to federal court.

With summary judgment granted in Mr. Gordon's favor, the Court must determine whether it still has subject matter jurisdiction over Mr. Perkins's remaining claims against Defendant David Jordan.

The amended complaint asserts that Mr. Jordan failed to alert Mr. Perkins to the DEA's written Notice of Seizure and conveyed Mr. Perkins's consent to the forfeiture without authorization. The amended complaint does not explicitly identify a cause of action for Mr. Perkins's claims against Mr. Jordan. However, his claims against Mr. Jordan appear to arise from Indiana Law rather than the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

A federal court may hear a claim arising from state law when there is diversity of citizenship among the parties—that is, when the parties are citizens of different states. *See* 28 U.S.C. § 1332. But a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *See Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 676 (7th Cir. 2006) (citing *Strawbridge v. Curtiss,* 7 U.S. 267 (1806)). And the materials before the Court give every indication that both Mr. Perkins and Mr. Jordan are citizens of Indiana.

Even where diversity of citizenship is not present, a federal court may exercise supplemental jurisdiction to hear a state law claim in a case where the Court would already have jurisdiction over a different claim. *See* 28 U.S.C. § 1367. But where no federal claims are viable, a court may not exercise supplemental jurisdiction to entertain a state-law claim. *See Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974); *In re African-Am. Slave Descendants Litig.,* 471 F.3d

754,757-58 (7th Cir. 2006). Mr. Perkins's claims against Mr. Gordon would have arisen under federal law. But with those claims dismissed, the Court will not be able to exercise supplemental jurisdiction over state-law claims against Mr. Jordan.

## V. Conclusion and Further Proceedings

Defendant Dan Gordon's motion for summary judgment, dkt. [31], is **granted**. All claims against Mr. Gordon are **dismissed with prejudice**, and the **clerk is directed** to update the docket to reflect that he is no longer a defendant in this action.

Mr. Perkins shall have **through July 2, 2018**, to show cause why the Court should not remand this action to the Miami Circuit Court on grounds that this Court lacks subject matter jurisdiction over Mr. Perkins's claims against Defendant David Jordan. In doing so, Mr. Perkins shall identify the state of his citizenship for purposes of establishing diversity jurisdiction.

Mr. Jordan shall have **through June 18, 2018**, to file a declaration with the Court identifying the state of his citizenship for purposes of establishing diversity jurisdiction.

**IT IS SO ORDERED.**

Date: 6/6/2018

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LANCE PERKINS
DOC#243714
Electronic Service Participant – Court Only

James Clayton Miller
JORDAN LAW, LLC
esquireclay@hotmail.com

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
debra.richards@usdoj.gov